IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL J. MATULKA, | ) | 8:12CV290 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| PINNACLE FINANCIAL | ) | |
| CORPORATION, MORTGAGE | ) | |
| ELECTRONIC REGISTRATION | ) | |
| SYSTEMS, Inc., WELLS FARGO | ) | |
| BANK, NA, ERIC H. LINDQUIST, | ) | |
| ERIC H. LINDQUIST, P.C., L.L.O., | ) | |
| and DOES 1 THROUGH 10, | ) | |
| (inclusive), | ) | |
| | ) | |
| Defendants. | ) | |

        This matter is before the court on Defendants' Motions to Dismiss.  (Filing Nos. 9 and 18-1.)  Plaintiff Michael Matulka ("Plaintiff") has not responded to Defendants' Motions, and the time in which to do so has now passed.  As discussed in detail below, the court will grant Defendants' Motions to Dismiss.

## I.  BACKGROUND

        Plaintiff filed a Complaint in this matter on August 15, 2012.  (Filing No. 1.) Condensed and summarized, Plaintiff challenges the foreclosure sale of certain real property, and he asks the court to set aside or void the sale of this property.  Plaintiff named the following Defendants in his Complaint: Pinnacle Financial Corporation,

Mortgage Electronic Registration Systems ("MERS"), Wells Fargo,[1] Eric H. Lindquist, and Eric H. Lindquist, P.C., L.L.O. (*Id.* at CM/ECF pp. 1-2.)

Eric H. Lindquist and Eric H. Lindquist, P.C., L.L.O. (together, "Lindquist") filed a Motion to Dismiss on October 24, 2012. (Filing No. 9.) MERS and Wells Fargo (together, "Lender Defendants") filed a Motion for Leave to File Responsive Pleading Out of Time on March 29, 2013, to which they attached a proposed motion to dismiss. (Filing No. 18.) Lender Defendants explained that counsel for Lender Defendants was "unaware of service having been completed" on Lender Defendants until such time as Plaintiff filed returned executed summonses, which did not occur until March 21, 2013. (*See* summons returns filed March 21, 2013, at Filing Nos. 14 and 15.) Lender Defendants asked the court for leave to file a motion to dismiss out of time. Plaintiff did not oppose Lender Defendants' Motion, and the time in which to do so has now passed. For good cause shown, the court will grant Lender Defendants' Motion for Leave to File Responsive Pleading Out of Time. (Filing No. 18.) Accordingly, the court will consider both Lindquist and Lender Defendants' Motions to Dismiss in this Memorandum and Order.

The relevant factual background is set forth in the paragraphs below. This factual background is taken from Plaintiff's allegations, and also evidence submitted by the parties that is a matter of public record. *See Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss"); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating courts "may take judicial notice of judicial opinions and public records"). *See also Mattes v. ABC Plastics, Inc.*,

---

[1] It appears from Defendants' filings that Wells Fargo Bank is actually Wells Fargo Bank, National Association, as Trustee for Certificate Holders of Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2007-AC5. For the purposes of this Memorandum and Order, the court will refer to this party as "Wells Fargo." However, the court will direct the clerk's office to update the court's records to reflect the actual name of this party.

323 F.3d 695, 697, n.4 (8th Cir. 2003) ("[I]n considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint.").

### A.    Facts

1.    The property at issue in this action is real property located in Lancaster County at 3721 N. 56th Street in Lincoln, Nebraska ("Property"). (Filing No. 1 at CM/ECF p. 3; Filing No. 18-5.) The Property is described in the Deed of Trust as:

> UNITS A, B, C AND D, BUILDING 11, WOODLANDS CONDOMINIUM PROPERTY REGIME, A CONDOMINIUM ORGANIZED UNDER THE LAWS OF THE STATE OF NEBRASKA, LANCASTER COUNTY, NEBRASKA, PURSUANT TO MASTER DEED AND DECLARATION RECORDED AUGUST 15, 1983 AS INST. NO. 83-16260 IN THE OFFICE OF THE REGISTER OF DEEDS OF LANCASTER COUNTY NEBRASKA[.]

(*Id.*)

2.    Bonnie Matulka purchased the Property on April 13, 2007, with a loan from Pinnacle Financial Corporation D/B/A Tri-Star Lending Group ("Pinnacle"). A deed of trust ("the Deed of Trust") granted a security interest in the Property to Pinnacle, with MERS as the beneficiary. (Filing No. 1 at CM/ECF p. 3; Filing No. 18-5.)

3.    Plaintiff became the executor of Bonnie Matulka's estate on October 21, 2007. (Filing No. 1 at CM/ECF p. 3.)

3

4.     On April 30, 2008, Pinnacle named Lindquist successor trustee by recording a Substitution of Trustee with the Lancaster County Register of Deeds. (*Id.*; Filing No. 18-6.)

5.     On May 1, 2008, Lindquist caused a notice of default to be recorded against the Property.  (Filing No. 1 at CM/ECF p. 4; Filing No. 18-7.)

6.     Plaintiff, acting as the personal representative of Bonnie Matulka's estate, conveyed the Property to himself on June 22, 2009.  (Filing No. 1 at CM/ECF p. 4; Filing No. 18-8.)

7.     On January 27, 2010, MERS transferred beneficial interest in the Property to Wells Fargo.  (Filing No. 1 at CM/ECF p. 5; Filing No. 18-9.)

8.     Lindquist caused another notice of default to be recorded against the property on March 16, 2010.  (Filing No. 1 at CM/ECF p. 5; Filing No. 18-10.)

9.     On June 18, 2010, Plaintiff conveyed the Property by warranty deed to Benton Street Ministries North East, Grantee, c/o Eric Madej ("Benton Street Ministries").  (Filing No. 18-11.)

10.     The Property sold at a trustee's sale on August 31, 2010.  (Filing No. 18-12.)

11.     On December 10, 2010, Wells Fargo filed a complaint to quiet title to the Property in the District Court of Lancaster County, Nebraska (Case No. CI 10-5180). (Filing No. 18-13.)

12.     In response, Plaintiff filed an amended answer and counterclaims for wrongful foreclosure, quiet title, and injunctive relief.  (Filing No. 18-14.)

4

13.    On August 24, 2011, Wells Fargo moved for summary judgment. (Filing No. 18-16.)

14.    On July 26, 2012, the District Court of Lancaster County, Nebraska, Judge Robert Otte, entered summary judgment in favor of Wells Fargo with respect to Wells Fargo's complaint, and also with respect to Plaintiff's counterclaims.  The court also quieted title in the Property in favor of Wells Fargo.  (Filing No. 18-17.)

## II.  MOTIONS TO DISMISS

Defendants argue, among other things, that Plaintiff (1) lacks standing, (2) is precluded from litigating his claims, and (3) is time barred from raising a claim under the Truth and Lending Act ("TILA").  (Filing Nos. 11 and 18-2.)  The court agrees.

### A.    Standing

Plaintiff challenges the foreclosure sale of the Property, and asks the court to set aside or void the sale of the Property and quiet title in his favor.  Plaintiff also argues that Defendants violated the original borrower's rights under TILA at the time she purchased the Property.  (*See generally* Filing No. 1.)  Lender Defendants argue that Plaintiff lacks standing to raise these arguments because he conveyed the Property to Benton Street Ministries prior to its sale.  (Filing No. 18-2 at CM/ECF p. 8.)  In addition, they argue that Plaintiff lacks standing to allege a violation of TILA because he was not the original borrower under the Deed of Trust.  (*Id.* at CM/ECF p. 24.)

Standing is a core component of the Article III case and controversy requirement.  *Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).*  In order to satisfy Article III's standing requirements, Plaintiff must show that:

(1) [he] has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or

5

hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant[s]; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*McClain v. Am. Econ. Ins. Co.*, 424 F.3d 728, 731 (8th Cir. 2005) (internal quotation marks omitted).

Here, Plaintiff conveyed the Property to Benton Street Ministries on June 18, 2010, and the Property sold at a trustee's sale on August 31, 2010. (Filing No. 18-11; Filing No. 18-12.) In other words, at the time of the trustee's sale, Plaintiff was not the title holder of the Property. Plaintiff has not identified any injury he suffered that could be corrected by reversing the foreclosure sale or by setting aside the trustee's deed upon sale. In addition, Plaintiff has not shown an invasion of *his* legally protected interests, given that he no longer owned the Property when it sold at the trustee's sale. For these reasons, Plaintiff has failed to establish "injury in fact," and he does not have standing to challenge the foreclosure sale.

Plaintiff also lacks standing to raise the TILA claim set forth in his Complaint. Plaintiff argues that the original lender violated TILA at the time of the loan's origination because the lender failed to provide Bonnie Matulka, with "proper (3-Day) Notice of Right to Cancel or Right of Recision." (Filing No. 1 at CM/ECF p. 12.) However, Plaintiff lacks standing to allege a violation of TILA on behalf of the original borrower. *See Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008) ("As a general rule, a plaintiff may only assert his own injury in fact and cannot rest his claim to relief on the legal rights or interest of third parties."). Plaintiff has not alleged that he participated in the loan origination or that he executed the promissory note or Deed of Trust. Indeed, Plaintiff did not respond in any way to Defendants'

arguments that he lacks standing to raise the TILA claim.  For these reasons, Plaintiff has failed to establish "injury in fact" with respect to his TILA claim.[2]

## B.    Issue Preclusion and Claim Preclusion

Regardless of the potentially curable standing issues Plaintiff faces, further amendment of his claims would be futile because he is precluded from raising the claims set forth in his Complaint.  "The doctrine of collateral estoppel, also known as issue preclusion, provides that 'when an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in another lawsuit.'" *Chavez v. Weber*, 497 F.3d 796, 803 (8th Cir. 2007) (quoting *United States v. Brekke*, 97 F.3d 1043, 1049 (8th Cir. 1996)).

Non-parties to an original judgment may raise collateral estoppel offensively against losing parties.  *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979).  The scope of the preclusive effect of a state court judgment is governed by the laws of that state.  *W.F.M., Inc. v. Cherry Cnty., Nebraska*, 279 F.3d 640, 643 (8th Cir. 2002). Four elements must be satisfied before an issue is precluded under Nebraska law:

> the issue concluded must be identical, it must have been raised and litigated in the prior action, it must have been material and relevant to the disposition of the prior action, and the determination made of the issue

---

[2]Even if Plaintiff had standing to raise this TILA claim, the claim is time-barred. The right to rescind a loan under TILA for failure to provide required disclosures expires "three years after the date of consummation of the transaction or upon sale of the property."  15 U.S.C. § 1635(f).  Consummation takes place when the loan documents are executed. *Gaona v. Town & Country Credit*, 324 F.3d 1050, 1054 (8th Cir. 2003).  Thus, even assuming that Bonnie Matulka did not receive the required disclosures under TILA, a claim for rescission would be time barred because the loan documents were signed in April 2007, and this action was not brought until August 15, 2012, more than five years later.

in the prior action must have been necessary and essential to the resulting judgment.

*Id.*

Lindquist argues that Plaintiff is precluded from relitigating issues raised and decided in the state district court. He is correct. The premise underlying Plaintiff's Complaint is that Lindquist was not properly appointed as successor trustee and, therefore, had no right to foreclose on the Property. Plaintiff raised this identical issue in the state district court. (*See* Plaintiff's counterclaims at Filing No. 10-2 at CM/ECF p. 10.) Whether Lindquist had the authority to foreclose on the property as trustee was material to Plaintiff's counterclaim for wrongful foreclosure. The state district court decided this issue, and Plaintiff may not relitigate it here.

In addition, to the extent that Plaintiff raises additional claims in his Complaint against Lindquist or Lender Defendants that relate to the foreclosure of the Property—claims that were not actually decided by the state district court—the doctrine of claim preclusion bars relitigation of issues that *could have been* litigated in the first suit. *See Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir. 1983) ("[R]es judicata or claim preclusion bars the relitigation of issues which were actually litigated or which could have been litigated in the first suit."). Plaintiff had the opportunity to challenge the foreclosure in the state court action, and he took advantage of that opportunity. He cannot now relitigate claims relating to the foreclosure of the Property in this court. For these reasons, the court finds that Plaintiff is precluded from raising the claims set forth in his Complaint.

## III.  SHOW CAUSE

Federal Rule of Civil Procedure 4 requires that service of process be completed "within 120 days after the complaint is filed." Fed. R. Civ. P. 4(m). Here, the clerk's office issued a summons form for service on Pinnacle on August 27, 2012. (Filing

No. 5.)  Plaintiff returned the summons form to the clerk's office "unexecuted" 206 days later, on March 21, 2013.  (Filing No. 13.)  Plaintiff did not move to extend the time for service on Pinnacle, or respond in any way to Defendants' Motions to Dismiss.  In addition, Plaintiff has not identified Defendants "Does 1 through 10," or served them with process.  Therefore, the court will order Plaintiff to show cause why these Defendants should not be dismissed for failure to serve process within 120 days of filing the Complaint and/or for failure to identify Doe Defendants.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's claims against Lindquist and Lender Defendants are dismissed with prejudice.

2.     Defendants' Motions to Dismiss (Filing Nos. 9 and 18-1) are granted to the extent they are consistent with this Memorandum and Order.

3.     Lender Defendants' Motion for Leave to File Responsive Pleading Out of Time (Filing No. 18) is granted.

4.     The Clerk of the court is directed to update the court's records in this matter to reflect that Wells Fargo Bank is actually Wells Fargo Bank, National Association, as Trustee for Certificate Holders of Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2007-AC5.

5.     Plaintiff shall have until May 17, 2013, to show cause why this case should not be dismissed in its entirety for his failure to effect service of process on Pinnacle and Doe Defendants.  If Plaintiff does not respond, or if good cause is not shown, this action will be dismissed without prejudice and without further notice.

6.      The clerk's office is directed to set a pro se case management deadline with the following text: May 17, 2013:  deadline for Plaintiff to show cause why service of process was not completed and Does were not identified.

DATED this 18th day of April, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.